UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOROTHY C. GIESEKE, et al.,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

Case No. 13-cv-04772-JST

**ORDER GRANTING MOTIONS TO DISMISS; DENYING MOTION TO EXPUNGE LIS PENDENS WITHOUT PREJUDICE**

Re: ECF Nos. 7, 8, 10

## I. INTRODUCTION

Defendants Bank of America, N.A. ("BANA") and U.S. Bank, N.A. as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-D ("US Bank") have moved to dismiss the Verified Complaint in this action, and have also moved to expunge a lis pendens recorded by Plaintiffs Dorothy C. Gieseke and Donald Gieseke ("Plaintiffs"). ECF Nos. 7 & 8. Defendant Specialized Loan Servicing LLC ("SLS") has also separately moved to dismiss the complaint. ECF No. 10.

## II. BACKGROUND

### A. Factual History[1]

---

[1] On a motion to dismiss, the Court assumes the truth of all well-plead factual allegations in the complaint, although it does not assume the truth of any legal asseretions. Defendants BANA and US Bank have also requested judicial notice of various public records relevant to this case, including the DOT and the Assignment. Exhibits A, C, D, E, F, G, I, J, and K to Request for Judicial Notice, ECF No. 7-1. The Court takes notice of these documents for the purpose of noting the contents of the true and correct copies of the records on file in the Official Records of Contra Costa County. Exhibit B does not appear to relate to the issues in the case, and so the request is denied as to that document. Defendants also request judicial notice of a docket and an order in another court proceeding. Exhibits H & L. While a Court may take judicial notice of court records, Defendants have not established the relevance of the docket in Exhibit H, and therefore the request is denied as to that document. Defendant SLS has requested judicial notice of many of the same documents, but has also requested notice of other documents for which it has

In April 2007, Plaintiffs executed a Deed of Trust ("DOT") relating to certain property (the "Property") in Contra Costa County, California. Verified Complaint ¶¶ 1 & 5,[2] ECF No. 1-1; Exh. A to RJN. The DOT identified BANA as the lender. ¶ 5, Exh. A to RJN. On or before May 31, 2007, the loan was sold to the Banc of America Funding Trust 2007-D, for which US Bank serves as trustee, pursuant to a Pooling and Servicing Agreement ("PSA") dated May 31, 2007. ¶ 7. Plaintiffs allege that, under the terms of the PSA and New York trust law, the securitization of the loan was ineffective. ¶¶ 7-15.

In March 2012, BANA executed a Corporate Assignment of Deed of Trust (the "Assignment"), claiming to assign its beneficial interest in the DOT to US Bank. ¶ 16; Exh. C to RJN. When the assignment was executed, Plaintiffs were in default of their loan obligations. ¶ 19. The same day, US Bank recorded a Substitution of Trustee to Reconstrust Company, N.A. ("Recontrust") and Recontrust recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"). ¶ 20; Exhs. D & E to RJN.

Plaintiffs recorded a lis pendens on the property on March 5, 2013. Exh. J to RJN.

**B.      Procedural History**

Plaintiffs brought this action in October 2013 against the Defendants BANA, US Bank, and SLS, bringing causes of action for wrongful foreclosure, quiet title, slander of title, fraud, cancellation of instruments, violation of California Civil Code § 2934(a)(1)(A), violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*, and unjust enrichment. ¶¶ 29-95.

**C.      Jurisdiction**

Plaintiffs assert California citizenship, and assert that Defendants are citizens of states other than California. ¶¶ 1-3. Defendants do not dispute that their state citizenships are diverse from Plaintiffs. Therefore, since the amount in controversy exceeds $75,000, this Court has

---

failed to establish relevance. Exhibits 5, 6, 7, 8, 9, 10, 13 & 14 to RJN, ECF No. 11. The request is denied as to those documents.
[2] All paragraph citations in this order are citations to the Verified Complaint.

1  diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ¶ 4.

**D.     Legal Standards**

**1.     Motion to Dismiss**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a pleading must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.  Id. at 556.

**2.     Motion to Expunge Lis Pendens**

"A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20.  "The California lis pendens statute requires the trial court to expunge the lis pendens if the 'claimant has not established by a preponderance of the evidence the probable validity of the real property claim.'"  Orange Cnty. v. Hongkong & Shanghai Banking Corp. Ltd., 52 F.3d 821, 823-24 (9th Cir. 1995) (citing Cal. Code Civ. Proc. § 405.32).  "'Probable validity' meaning that 'it is more likely than not that the claimant will obtain a judgment against the defendant on the claim.'"  Orange Cnty., 52 F.3d at 824 (citing Cal. Code Civ. Proc. § 405.3).

"[T]he court shall order the notice expunged if the court finds that the pleading on which

3

the notice is based does not contain a real property claim." Cal. Civ. Proc. Code § 405.31.  As pertinent here, a "'[r]eal property claim' means the cause or causes of action in a pleading which would, if meritorious, affect . . . title to, or the right to possession of, specific real property." Cal. Civ. Proc. Code § 405.4.

### III.   ANALYSIS

#### A.   Wrongful Foreclosure

The basis of Plaintiffs' first cause of action against all defendants is that BANA lacked the authority to assign the DOT since its status as beneficiary was extinguished when it sold an interest in the loan.  ¶ 33.  Plaintiffs charge that the BANA Defendants "conspired to file a fabricated, fraudulent" assignment of the DOT, and that SLS "has impermissibly attempted to collect mortgage payments from Plaintiffs on behalf of [US Bank]."  ¶¶ 33, 35.  For this claim, Plaintiffs seek both monetary damages as well an injunction against "Defendants' foreclosure activities."  Id. ¶ 37.

As many courts of this district including the undersigned have previously held, "there is no state law preemptive right of action to determine standing to foreclose, or claim for damages for wrongful initiation of foreclosure proceedings absent a completed sale." Tamburri v. Suntrust Mortgage, Inc., No. 11-cv-02899-JST, 2013 WL 4528447, at *5 (N.D. Cal. Aug. 26, 2013) (citing Gomes v. Countrywide Home Loans, Inc., 192 Cal.App. 4th 1149, 1154 (2011), rev. den'd (May 18, 2011), cert. den'd, 132 S.Ct. 419 (2011) and Robinson v. Countrywide Home Loans, Inc., 199 Cal.App. 4th 42, 46 (2011).  More recent California authority is in accord.  See Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 513 (2013) (California's unlawful foreclosure "provisions do not contain express authority for such a preemptive action," and "even if the statutes are interpreted broadly, it cannot be said the provisions imply the authority for such a preemptive action exists, because doing so would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature").

It "appears to be the majority view in this District" that under the rule of Gomes and Jenkins, "individuals who are not a party to a PSA do not have standing to assert claims that arise out of allegations of non-compliance with that PSA." Apostol v. Citimorgage, Inc., No. 13-cv-

4

01983-WHO, 2013 WL 6140528, at *6 (N.D. Cal. Nov. 21, 2013) (citing cases). Plaintiffs do cite one recent case to the contrary, in which the California Court of Appeal interpeted Gomes to permit "claims that challenge a foreclosure based on specific allegations that an attempt to transfer the deed of trust was void," and allow "borrowers to pursue questions regarding the chain of ownership." Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1079, 1099 (Cal. Ct. App. 2013), reh'g denied (Aug. 29, 2013).

In attempting to apply these lines of authority, courts in this and other districts have noted that "Glaski represents a distinct minority view on the standing of third parties to enforce or assert claims based on alleged violations of a PSA," and that "courts in . . . [the Northern] District have expressly rejected Glaski and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process." Apostol, 2013 WL 6140528, at *6-7; see also Newman v. Bank of New York Mellon, No. 1:12-CV-1629 AWI, 2013 WL 5603316, at *3, n. 2 (E.D. Cal. Oct. 11, 2013) ("no courts have yet followed Glaski and Glaski is in a clear minority on the issue"); Mottale v. Kimball Tirey & St. John, LLP, No. 13-cv-1160-GPC-MMA, 2014 WL 109354, at *4 (S.D. Cal. Jan. 10, 2014) ("the weight of authority rejects Glaski as a minority view on the issue of a borrower's standing to challenge an assignment as a third party to that assignment"). No published Court of Appeal decisions have attempted to reconcile Glaski with other California authority, but the one unpublished opinion to address this point characterized Glaski as the minority view and concluded that "the majority view is the better one." Sporn v. JPMorgan Chase Bank N.A., G047501, 2014 WL 280627, at *5 (Cal. Ct. App. Jan. 27, 2014). To the best of the Court's knowledge, no court has yet followed Glaski on this point, and many have pointedly declined to.

The Court joins the majority view. "[T]here is persuasive authority in California that absent any allegation of prejudice, plaintiffs do not have standing to complain about irregularities in the foreclosure process postforeclosure." Apostol, 2013 WL 6140528, at *7 (citing Siliga v. Mortgage Electronic Registrations Systems, Inc., 219 Cal.App.4th 75 (2013) and Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 272 (2011)). Given this background principle, it seems unlikely that Glaski's effect is to allow borrowers in default to bring a *pre-foreclosure*

1  action based on the argument that an entity other than the one foreclosing holds the beneficial
2  interest in the property. An admittedly defaulting borrower suffers no prejudice from being
3  foreclosed on by the wrong party. Jenkins, 216 Cal. App. 4th at 514-15. If some other entity has
4  the beneficial interest in the property, that entity is the one with standing to challenge Defendants'
5  authority to foreclosure.

6  Moreover, "[a]s numerous district courts in this state have recognized, 'a defendant bank
7  does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a trust
8  pool or Real Estate Mortgage Investment Conduit ("REMIC").'" Michael J. Weber Living Trust
9  v. Wells Fargo Bank, N.A., No. 13-cv-00542-JST, 2013 WL 1196959, at *3 (N.D. Cal. Mar. 25,
10 2013) (quoting Christiansen v. Wells Fargo Bank, No. 12-cv-02526 DMR, 2012 WL 4716977, at
11 *3 (N.D. Cal. Oct. 1, 2012) (citing cases)); see also Rivac v. Ndex W. LLC, No. 13-cv-1417 PJH,
12 2013 WL 6662762, at *4 (N.D. Cal. Dec. 17, 2013) ("[t]he power of sale is not nullified when a
13 loan is securitized") (citing cases). This is particularly the case here, since the DOT on record
14 with the county, on which Plaintiffs' signatures appear, states specifically that if the Note is sold,
15 "the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be
16 transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless
17 otherwise provided by the Note Purchaser." Exh. A to RJN, ¶ 20.

18 Plaintiffs allege nothing unlawful about the foreclosure process beyond the argument that
19 the allegedly deficient securitization process deprived Defendants of their interest in the property.
20 Therefore, their first cause of action fails as a matter of law.

21 **B.     Quiet Title**

22 A quiet title action must include: (1) a description of the property in question; (2) the basis
23 for plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal. Code Civ. Proc. § 761.020.
24 Plaintiffs bring this cause of action only against BANA and US Bank, alleging that "Plaintiffs are
25 the owners and are entitled to possession of [the Property]." ¶ 39. They seek a declaration that
26 Defendants' claimed interests in the property are without any right, and "a declaration that title is
27 vested in Plaintiffs alone." ¶ 41.

28 The basis of Plaintiffs' claim of title is the same as the previous cause of action -- that the

sale to the REMIC trust, and the allegedly failed securitization deprived all Defendants of any interest in the property. Since this is essentially an action to determine Defendants' standing to foreclose, and since the basis of the claim is alleged noncompliance with an agreement to which Plaintiffs are not parties, this cause of action fails as a matter of law under the rule of Gomes and Jenkins. Moreover, even assuming that the effect of the allegedly failed securitization was to deprive US Bank of its interest in the property, Plaintiffs have not pled facts from which it is plausible to infer that *Plaintiffs* now have the sole claim of title to the property.

### C.      Slander of Title

This cause of action, against BANA and US Bank, attacks the Assignment and other documents. ¶¶ 44, 50-51. Plaintiff alleges that the recording of these documents constitute slander of title because Defendants did not own any interest in the property. This claim, too, fails for the same reasons discussed *supra*.

Moreover, to state a claim for slander of title, a plaintiff is "required to establish each of the following four elements: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal. App. 4th 1040, 1051 (2009). As Defendants point out, "notices filed pursuant to a non-judicial foreclosure action constitute privileged communications." Green v. Alliance Title, No. S-10-cv-0242-MCE-EFBP, 2010 WL 3505072, at *9 (E.D. Cal. Sept. 2, 2010) report and recommendation adopted, No. S-10-cv-0242, 2010 WL 3787816 (E.D. Cal. Sept. 27, 2010) (citing Cal. Civ.Code § 2924(d)). Plaintiffs state in the complaint that the alleged "false statements were published with malicious intent and without any justification whatsoever," and "[t]herefore, they are not privileged," but provide no citation to authority in their opposition brief. ¶ 46.

### D.      Fraud

Plaintiffs allege that the loan documents, including the Assignment and the NOD, were fraudulent, because BANA lacked authority to convey any interest in the loan and because US Bank lacked authority. For the same reasons discussed *supra*, Plaintiffs lack standing to bring this claim. In any case, the securitization of the loan does not deprive a borrower of a right to

7

foreclose, especially given the language in this particular DOT.

### E. Cancellation of Instruments

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. Plaintiffs seek cancellation of the Assignment, the NOD and other related documents for the same reasons discussed *supra*. ¶ 67. For the same reasons discussed *supra*, the claim fails as a matter of law.

### F. Cal. Civ. Code §2934a(a)(1)

Plaintiffs bring this claim only against US Bank. Under one provision of California's foreclosure statutes, "a substitution . . . [must be] executed and acknowledged by" either "all of the beneficiaries under the trust deed, or their successors in interest," or by "the holders of more than 50 percent of the record beneficial interest." Cal. Civ. Code § 2934a(a)(1). Plaintiffs claim that US Bank was not a valid beneficiary and without power to sign the NOD. For the same reasons discussed *supra*, California's foreclosure statutes do not authorize these Plaintiffs to bring an action to assert this claim.

### G. FDCPA

Plaintiffs bring this action against Defendants US Bank and SLS. Plaintiffs allege violations of two provisions of the FDCPA, 15 U.S.C. §§ 1692e and 1692f. ¶¶ 72-77. Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and 15 U.S.C. § 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

"The law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985)); see also Owens v. Bank of Am., N.A., No. 11-cv-4580-YGR, 2012 WL 5340577, at *6 (N.D. Cal. Oct. 25, 2012) (noting that "numerous courts within the

Ninth Circuit have found that assignees and servicers on mortgage loans are not 'debt collectors' for purposes of the FDCPA" and collecting cases).

Moreover, "the general rule followed by most courts is that the activity of foreclosing on a property pursuant to a deed of trust—including the activity of providing notice of a foreclosure sale to a consumer—is not collection of a debt within the meaning of the FDCPA." Rivac, 2013 WL 6662762, at *13 (collecting cases); see also Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002). Plaintiffs distinguish one of these cases, Junger v. Bank of America, N.A., No. 11-cv-10419 CAS (VBKx), 2012 WL 603262, at *4, on the narrow ground that it involved the act of foreclosing specifically, rather than the pre-foreclosure activities at issue in this case. But the general rule also applies to other foreclosure-related activities like the ones at issue in this case. See Rivac, 2013 WL 6662762, at *13.

### H.     Unfair Competition Law

Plaintiff's UCL claims are premised on the same arguments that Defendants lack authority to foreclose. Since "[t]here is no state law preemptive right of action to determine standing to foreclose," the UCL cannot be a vehicle for such an action. Tamburri, 2013 WL 4528447, at *5. Moreover, the UCL's "'lost money or property' requirement . . . requires a plaintiff to demonstrate 'some form of economic injury' as a result of his transactions with the defendant." Hinojos v. Kohl's Corp., 718 F.3d 1098, 1104 (9th Cir. 2013) (citing Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 320 (2011)). No foreclosure sale has yet taken place, and Plaintiffs have shown no finanicial loss beyond paying their required mortgage payments to an entity they claim was not the proper entity to collect them. Finally, to the extent Plaintiffs' UCL claim is for "unlawful practices," their failure to plead a viable predicate violation is fatal to that theory.

### I.     Unjust Enrichment

In California, there is no standalone cause of action for unjust enrichment. "Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." Myers-Armstrong v. Actavis Totowa, LLC, 382 Fed. Appx. 545, 548 (9th Cir. 2010) (unpublished) (citing McKell v. Washington Mut., Inc., 142 Cal.App.4th 1457, 1489 (2006); see also Hill v. Roll Intl. Corp., 195 Cal.App. 4th 1295, 1307 (2011). Plaintiff has not

9

1   pled a claim for quasi-contract or the imposition of a constructive trust.

2         **J.**    **Motion to Expunge Lis Pendes**

3         For all of the foregoing reasons, Plaintiffs have not established by a preponderance of the evidence the probable validity of their real property claim to the Property.  See Orange Cnty., 52 F.3d at 823-24.  However, at least when dismissing with prejudice, the Court is not yet in a position to make a determination about whether Plaintiffs will ultimately be unable to meet this standard.  It is for this reason that, as Defendants recognize, "generally, where courts have granted motions to expunge lis pendens, they have done so where a complaint was dismissed without leave to amend."  Reply in Support of Motion to Expunge Lis Pendes 2:11-16 (citing Meneses v. CitiMortgage, Inc., No. 11–5227, 2012 WL 1428908 at *3 (N.D.Cal. Apr.24, 2012)).  Since, as discussed immediately *infra*, the Court will dismiss some of Plaintiffs' claims without prejudice, the motion to expunge will be denied without prejudice at this time.

**IV.   CONCLUSION**

      Defendants' motions to dismiss are GRANTED.  Defendants BANA and US Bank's motion to expunge lis pendes is DENIED WITHOUT PREJUDICE.

      Plaintiff's first, sixth, seventh and ninth causes of action (for unlawful foreclosure, violation of Cal. Civ. Code §2934(a)(1)(A), violation of the FDCPA, and unjust enrichment) are DISMISSED WITH PREJUDICE, since it would be futile to permit amendment.  As a matter of law, Plaintiffs lack standing and statutory authority to bring those claims against these Defendants.

      The remaining causes of action are DISMISSED WITHOUT PREJUDICE.  Plaintiffs have leave to file an amended complaint re-asserting those claims, but only if they allege specific new factual allegations not contained in the current complaint which demonstrate that Plaintiffs have viable causes of actions for reasons unrelated to the allegedly ineffective securitization and the challenge to Defendants' standing to foreclose.  With any amended complaint, Plaintiffs are ordered to file a separate document clearly identifying the new factual allegations that have been added to the complaint which support Plaintiffs' claims.

      Plaintiffs are ORDERED to file any such amended complaint within twenty-one days of the date of this order.  Failure to do so, or to otherwise to fail to comply with this order, will result

in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: February 22, 2014

_____
JON S. TIGAR
United States District Judge