MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
BRIAN S. WHITTEMORE (State Bar No. 241631)
bsw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
BANK OF AMERICA, N.A. and U.S. BANK,
N.A., as Trustee for THE
CERTIFICATEHOLDERS OF BANC OF
AMERICA FUNDING CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| DOROTHY C. GIESEKE and DONALD GIESEKE,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., SPECIALIZED LOAN SERVICING LLC and US BANK, N.A., as Trustee for THE CERTIFICATEHOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-D,<br><br>Defendants. | Case No. C13-04772-JST<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order]<br><br>Date:      May 29, 2014<br>Time:      2:00 p.m.<br>Crtrm.:    9; 9th Floor<br>Judge:     Hon. Jon S. Tigar<br><br>Action Filed:   October 15, 2013<br>Trial Date:     None Set |

**TO THE COURT AND PLAINTIFF HEREIN**:

**PLEASE TAKE NOTICE** that on Thursday May 29, 2014 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th floor of the above entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants BANK OF AMERICA, N.A. and U.S. BANK, N.A., as Trustee for THE CERTIFICATEHOLDERS OF

1  BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH
2  CERTIFICATES, SERIES 2007-D ("Moving Defendants") will and hereby do move the Court to
3  dismiss Plaintiffs DOROTHY C. GIESEKE and DONALD GIESEKE's ("Plaintiffs") First
4  Amended Complaint without leave to amend. This Motion is made and based upon Federal Rule
5  of Civil Procedure 8(a) and 12(b)(6) on the substantive grounds that allegations contained in
6  Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted.

7      This motion is based upon this Notice of Motion, the Memorandum of Points and
8  Authorities and upon all pleadings, papers, and documents on file herein, as well as any oral
9  argument which may be presented at the time of hearing or any matters of which judicial notice is
10 requested and/or is taken.

11 DATED: April 2, 2014        SEVERSON & WERSON
                          A Professional Corporation

                          By:    /s/ Brian S. Whittemore
                                  Brian S. Whittemore

                          Attorneys for Defendants BANK OF AMERICA, N.A.
                          and U.S. BANK, N.A., as Trustee for THE
                          CERTIFICATEHOLDERS OF BANC OF AMERICA
                          FUNDING CORPORATION MORTGAGE PASS-
                          THROUGH CERTIFICATES, SERIES 2007-D

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................1

III. LEGAL ARGUMENT ............................................................................................................2

    A. Standard on Motion To Dismiss ..................................................................................3

        1. Rule 12(b)(6) ......................................................................................................3

        2. Application of Rule 9(b) ....................................................................................3

    B. Plaintiffs' First Claim for Quiet Title Must Fail..........................................................4

    C. Plaintiffs' Second Claim for Slander of Title Must Fail..............................................5

    D. Plaintiffs' Third Claim for Fraud Must Fail ................................................................6

    E. The Fourth Claim for Cancellation of Instruments Must Fail .....................................9

    F. Plaintiffs' Fifth Claim for Violation of Business and Professions Code Section 17200, *et. seq.*, Must Fail ...............................................................................9

IV. CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Adesokan v. U.S. Bank, N.A.*,
    2012 WL 395969 (E.D.Cal. Feb.7, 2012) .................................................................................. 9

*Alcaraz v. Wachovia Mortg. FSB*,
    592 F.Supp.2d 1296 (E.D.Cal.2009) ....................................................................................... 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 3

*Benham v. Aurora Loan Servs.*,
    No. 09–2059, 2009 WL 2880232 (N.D.Cal. Sept.1, 2009) ..................................................... 8

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336 (9th Cir. 1997) ..................................................................................................... 3

*Chabner v. United of Omaha Life Ins. Co.*
    225 F.3d 1042 (9th Cir. 2000) ............................................................................................... 11

*Compass Bank v. Petersen*,
    886 F.Supp.2d 1186 (C.D.Cal.2012) ...................................................................................... 9

*Cooper v. Picket*,
    137 F.3d 616 (9th Cir. 1997) ................................................................................................... 4

*Glenn K. Jackson Inc. v. Roe*
    273 F.3d 1192 (9th Cir. 2001) ............................................................................................... 11

*Green v. Alliance Title*,
    No. CIV S–10–0242 MCE EFB PS, 2010 WL 3505072 (E.D.Cal. Sept.2, 2010) ............. 5, 6

*Hafiz v. Greenpoint Mortgage Funding, Inc.*,
    652 F.Supp.2d 1039 (N.D.Cal.2009) ...................................................................................... 8

*Hamilton v. Bank of Blue Valley*,
    746 F.Supp.2d 1160 (E.D. Cal. 2010) .................................................................................... 4

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ................................................................................................... 4

*In re Worcester*,
    811 F.2d 1224 (9th Cir.1987) .................................................................................................. 4

*Jackson v. Ocwen Loan Servicing,*
  LLC, No. 2:10–cv–00711–MCE–GGH, 2010 WL 3294397 (E.D.Cal. Aug.20, 2010) .......... 6

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ........................................................................ 4, 10

*Kelley v. Mortgage Elec. Registration Sys., Inc.,*
  642 F.Supp.2d 1048 (N.D. Cal. 2009) .................................................................. 5

*Kimball v. Flagstar Bank F.S.B.,*
  881 F.Supp.2d 1209 (S.D.Cal.2012) .................................................................... 9

*Lawther v. OneWest Bank, FSB,*
  2012 WL 298110 (N.D.Cal. Feb.1, 2012) ............................................................. 9

*Lucas v. Dep't of Corr.,*
  66 F.3d 245 (9th Cir. 1995) ................................................................................ 3

*Marty v. Wells Fargo Bank,*
  CIV S-10-0555 GEB, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ......................... 5

*Nguyen v. Bank of Am. Nat'l Ass'n,*
  No. 11–3318, 2011 WL 5574917 (N.D.Cal. Nov.15, 2011) .................................... 8

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F.Supp.2d 1177 (N.D. Cal. 2009) .................................................................. 4

*Reyes v. GMAC Mortgage LLC,*
  No. 11–0100, 2011 WL 1322775 (D.Nev. Apr.5, 2011) ........................................ 8

*Rubio v. Capital One Bank*
  (USA) 572 F.Supp.2d 1157 (C.D. Cal. 2008) ..................................................... 11

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001) .............................................................................. 3

*Swartz v. KPMG,*
  476 F.3d 756 (9th Cir. 2007) .............................................................................. 4

*Thompson v. Illinois Dept. of Prof. Reg.,*
  300 F.3d 750 (7th Cir. 2002) .............................................................................. 3

*Ves v. Ciba-Geigy Corp.,*
  317 F.3d 1097 (9th Cir. 2003) ............................................................................ 3

*Wadhwa v. Aurora Loan Servs.,*
  LLC, No. 11–1784, 2011 WL 2681483 (E.D.Cal. July 8, 2011) .............................. 8

**STATE CASES**

*Aguilar v. Bocci,*
   39 Cal.App.3d 475 (1974) ................................................................................................... 4

*Fontenot v. Wells Fargo Bank, N.A.,*
   198 Cal.App.4th 256 (2011) ................................................................................................ 6

*Gomes v. Countrywide Home Loans, Inc.,*
   192 Cal.App.4th 1149 (2011) .............................................................................................. 8

*I.E. Associates v. Safeco Title Ins. Co.,*
   39 Cal.3d 281 (1985) ........................................................................................................... 8

*Krantz v. BT Visual Images, L.L.C.*
   (2001) 89 Cal.App.4th 164 ................................................................................................ 11

*Lazar v. Superior Court*
   12 Cal.4th 631 (1996) .......................................................................................................... 7

*Manhatten Loft, LLC v. Mercury Liquors, Inc.,*
   173 Cal.App.4th 1040 (2009) .............................................................................................. 6

*Mix v. Sodd,*
   126 Cal.App.3d 386 (1981) ................................................................................................. 4

*Moeller v. Lien,*
   25 Cal.App.4th 822 (1994) .................................................................................................. 8

*Neman v. Cornelius*
   3 Cal.App.3d 279 (1970) ..................................................................................................... 4

*Olsen v. Breeze,*
   48 Cal.App.4th 608 (1996) ................................................................................................ 10

*People v. Duz-Mor Diagnostic Lab., Inc.*
   68 Cal.App.4th 654 (1998) ................................................................................................ 11

*People v. McKale,*
   25 Cal.3d 626 (1979) ......................................................................................................... 10

*Peterson v. Cellco Partnership*
   164 Cal.App.4th 1583, 80 Cal.Rptr.3d 316 (2008) ........................................................... 10

*Shimpones v. Stickney,*
   219 Cal. 637 (1934) ............................................................................................................. 4

*Siliga v. Mortgage Electronic Registration Systems, Inc.,*
   219 Cal.App.4th 75 (2013) .................................................................................................. 6

*Southcott v. Pioneer Title Co.*,
 203 Cal.App.2d 673, 21 Cal.Rptr. 917 (1962) .................................................................. 5

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
 2 Cal.App.4th 153 (1991) .................................................................................................. 7

*Troyk v. Farmers Group, Inc.*
 171 Cal.App.4th (2010) .................................................................................................. 10

*Weinstat v. Dentsply Intern. Inc.*,
 180 Cal.App.4th 1213 (2010) .......................................................................................... 10

*Wilhelm v. Pray, Price, Williams & Russell*,
 186 Cal.App.3d 1324 (1986) ............................................................................................ 7

**STATE STATUTES**

California Business & Professions Code
 § 17200, *et. seq.* ......................................................................................................... 9, 11
 § 17204 ........................................................................................................................ 9, 10

California Code of Civil Procedure
 § 761.020 .......................................................................................................................... 5

California Civil Code
 § 2924 *et. seq.* ................................................................................................................. 1
 § 2924(d) ........................................................................................................................... 6
 §§ 2924 through 2924k ..................................................................................................... 7
 § 3412 *et seq* ................................................................................................................... 9

Government Code
 § 27201 ............................................................................................................................. 6

**RULES**

Federal Rules of Civil Procedure
 9(b) ............................................................................................................................. 3, 10
 12(b)(6) ............................................................................................................................ 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Dorothy Gieseke and Donald Gieseke ("Plaintiffs") bring the instant alleged residential mortgage action against Defendants BANK OF AMERICA, N.A. and US Bank, N.A. as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-D ("Moving Defendants"). Given the Court's position on the *Glaski* line of reasoning presented in the original complaint, it is perhaps surprising that the same rejected theories are advanced in the First Amended Complaint ("FAC"). Nevertheless, the FAC represents a second attempt to state a claim based on the rejected *Glaski* logic. This is *déjà vu* all over again and the Court may simply dismiss the FAC based on the same reasoning set forth in this Court's order dismissing the original complaint. Despite Plaintiffs' attempt to argue otherwise, this action indeed represents an improper attempt to preemptively forestall the nonjudicial foreclosure of residential real property located at 30 Garron Court, Walnut Creek, California 94596.

As the theory goes, the "true beneficiary" is as yet unknown and that the chain of title was "broken" when the beneficial interest under the deed of trust was assigned by the "original lender." However, the judicially noticeable documents evidence that the foreclosure was conducted in accordance with the comprehensive statutory scheme set forth in Civil Code Section 2924 *et. seq.* Moreover, the Deed of Trust specifies that the servicing obligations remained with the original Loan Servicer or transferred to a successor loan servicer and not assumed by the Note purchaser unless so specified. Thus, the conclusion that the sale of the loan to the Banc of America Funding Corporation Trust extinguished the servicer's interest in the loan is belied by the terms of the deed of trust as discussed in motion to dismiss the original complaint.

As the FAC fails to allege additional facts to support a cognizable claim, Moving Defendants respectfully request that this Court put an end to this litigation and dismiss the FAC with prejudice.

### II. STATEMENT OF FACTS

***The Loan.*** Plaintiffs obtained a loan with a principal balance of $685,000 from Bank of

America, N.A. on April 4, 2007 (the "Loan"), secured by a deed of trust recorded on April 12, 2007. (RJN, Ex. A.) The deed of trust designated PRLAP, Inc. as trustee and Bank of America, N.A. was the beneficiary as nominee for the lender. (*Id.*) Plaintiffs also obtained a second loan on March 5, 2007 with a principal balance $200,000 from Bank of America, N.A. The deed of trust on the second was recorded on May 8, 2007.(RJN, Ex. B.)

***The Foreclosure.*** Bank of America, N.A. ("BofA") transferred the beneficial interest under the deed of trust to US Bank N.A, as Trustee for the Certificateholders of Banc of America Funding Corp. Mortgage Pass-Through Certificates, Series 2007-D ("US Bank, as Trustee") and an Assignment recorded March 13, 2012. (RJN, Ex. C.) Thereafter, on March 15, 2012, US Bank, as Trustee recorded a Substitution of Trustee that substituted Recontrust Company, N.A. ("Recontrust") in as the substituted trustee under the deed of trust. (RJN, Ex. D.) Recontrust then recorded a Notice of Default in its capacity as substituted trustee and authorized agent for the beneficiary on March 15, 2012. (RJN, Ex. E.)

***Grant Deed to Candle of Life Trust.*** Shortly after recordation of the Notice of Default, Plaintiffs recorded a Grant Deed on June 12, 2012 that purported to transfer a 5% interest in the Property to the Candle of Life Trust, as a "gift." (RJN, Ex. F.)

***Foreclosure Continues.*** Recontrust recorded a Notice of Trustee's Sale on June 18, 2012 (RJN, Ex. G).

***Prior State Court Case.*** Plaintiffs' previously filed an action against Bank of America, N.A. on October 9, 2012 in Contra Costa County Superior Court. (RJN, Ex. H) The action was dismissed *without prejudice* on September 20, 2013. (*Id.*)

Recontrust recorded a second Notice of Sale on February 13, 2013 (RJN, Ex. I).

***Plaintiffs' Recordings.*** Plaintiffs recorded a Lis Pendens on March 5, 2013 (RJN, Ex. J) despite the fact there was no litigation pending at that time. Thereafter, Plaintiffs recorded a second Grant Deed purporting to transfer the 5% interest in the Property from Candle of Life Trust to Plaintiffs. (RJN, Ex. K.)

### III. LEGAL ARGUMENT

Because the Complaint fails to allege facts sufficient to support a claim, it should be

dismissed in its entirety without leave to amend.

A.  **STANDARD ON MOTION TO DISMISS**

    1.  **Rule 12(b)(6)**

A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), material factual allegations in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1997).

However, the court need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Twombly*, supra, 550 U.S. at 561. ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not [survive a motion to dismiss].) Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (internal quotes omitted). Nor must the court accept as true allegations in the [complaint] that contradict documents that are attached as exhibits. *Sprewell*, supra, 266 F.3d at 988; *see also Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 754 (7th Cir. 2002) ("[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*") (Emphasis in original; quotes omitted).

In granting a motion under Rule 12(b)(6), leave to amend should not be granted where it is clear that the Complaint's deficiencies cannot be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, Plaintiffs' First Amended Complaint fails to state facts sufficient to state a single claim against Moving Defendants and is thus properly dismissed in its entirety.

    2.  **Application of Rule 9(b)**

A Rule 12(b)(6) motion to dismiss may also challenge a complaint's compliance with Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b); *Ves v. Ciba-*

*Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Fraud claims and claims that "sound in fraud" or that are "grounded in fraud" must be plead with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). This means that the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Where multiple defendants are involved, as here, the plaintiff must identify the role of each defendant in the alleged fraudulent scheme. *Swartz v. KPMG*, 476 F.3d 756, 764-65 (9th Cir. 2007).

### B. PLAINTIFFS' FIRST CLAIM FOR QUIET TITLE MUST FAIL

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); see *Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, (1974) (trustor is unable to quiet title "without discharging his debt"); see also, *Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160 (E.D. Cal. 2010). Thus, an action to Quiet Title is similarly barred by the tender rule.

A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay. *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir.1987). A valid and viable tender offer is the plaintiff's ability to pay back what the plaintiff has received less interest and finance charges. *Alcaraz v. Wachovia Mortg. FSB*, 592 F.Supp.2d 1296, 1304 (E.D.Cal.2009); see also, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1183-84 (N.D. Cal. 2009). Here, Plaintiffs fail to plead tender or the credible ability to tender and therefore lack standing to bring the claim.

Plaintiffs' second claim is generally barred by the tender rule and also because Plaintiffs failed to state facts supporting a claim against Moving Defendants. The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interests or estate therein as he may be entitled to." (*Neman v. Cornelius* 3 Cal.App.3d 279, 284 (1970). A quiet title action must include: (1) a description of the property in question; (2) the

basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal. Code Civ. Proc. § 761.020. Plaintiffs have not alleged that they are the rightful owners of the property, i.e. that they have satisfied their obligations under the Deed of Trust. As such, they have not stated a claim to quiet title. *Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).

The claim relies upon the application of the *Glaski* theory discussed in connection with the motion to dismiss the original complaint. Since the *Glaski* theory is properly rejected, Plaintiffs similarly fail to state a claim for Quiet Title and the Court should properly dismiss this claim with prejudice. As a result, Plaintiffs' FAC fails to plead additional facts that could cause this Court to reconsider its ruling on the Complaint – namely, that Plaintiffs have not pled facts from which it is plausible to infer that *Plaintiffs* now have the sole claim of title to the property. Doc. 22, p 7:5-7. Accordingly, the claim for Quiet Title should be dismissed with prejudice.

C. **PLAINTIFFS' SECOND CLAIM FOR SLANDER OF TITLE MUST FAIL**

The Slander of Title Claim is substantively identical to the version pleaded in the original Complaint and fails for the same reasons. Here again, Plaintiffs base their Slander of Title claim on the allegation that Moving Defendants made false statements by recording foreclosure documents. As in the original Complaint, this claim stems from their application of the flawed *Glaski* theory. Thus, if this Court is not inclined to follow *Glaksi*, the claims flowing from that theory must also fail. However, the Slander of Title claim also fails because recording foreclosure documents is privileged conduct.

Slander of title is "a tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." *Marty v. Wells Fargo Bank*, CIV S-10-0555 GEB, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011); citing, *Green v. Alliance Title*, No. CIV S–10–0242 MCE EFB PS, 2010 WL 3505072, at *19 (E.D.Cal. Sept.2, 2010) (quoting *Southcott v. Pioneer Title Co.*, 203 Cal.App.2d 673, 676, 21 Cal.Rptr. 917 (1962)). Thus, under California law, to state a claim for slander of title, the plaintiff must allege facts establishing: (1) a publication; (2) which is without privilege or justification; (3) which is false: and (4) which causes direct and immediate pecuniary

loss. *Manhatten Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040, 1050–51 (2009). Notices such as those filed by defendants in this case pursuant to a non-judicial foreclosure action constitute **privileged** communications. Cal. Civ.Code § 2924(d); *Green*, 2010 WL 3505072, at *19; *Jackson v. Ocwen Loan Servicing,* LLC, No. 2:10–cv–00711–MCE–GGH, 2010 WL 3294397, at *4 (E.D.Cal. Aug.20, 2010) ("The Notices of Default and Trustee's Sale filed by Defendants ... are privileged publications because their filings were required by California law.") As in the original Complaint, Plaintiffs once again alleged no facts suggesting that Moving Defendants disseminated unprivileged, false or malicious communications regarding his title to the subject property. Accordingly, the third slander of title claim must be dismissed and this time the Court should do so with prejudice.

### D. PLAINTIFFS' THIRD CLAIM FOR FRAUD MUST FAIL

Plaintiffs' third claim for fraud is substantially the same as the claim pleaded in the original complaint and fails for the same reasons. The Court made clear in its order dismissing the original complaint that it adopts the majority view when it comes to standing issues with regard to securitization and an individual borrower's standing to enforce the terms of a Pooling and Servicing Agreement that they the borrower is not a party to. In pertinent part, this Court ruled:

> "[T]here is persuasive authority in California that absent any allegation of prejudice, plaintiffs do not have standing to complain about irregularities in the foreclosure process postforeclosure." Apostol, 2013 WL 6140528, at *7 (citing Siliga v. Mortgage Electronic Registration Systems, Inc., 219 Cal.App.4th 75 (2013) and Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 272 (2011)). Given this background principle, it seems unlikely that Glaski's effect is to allow borrowers in default to bring a *pre-foreclosure* action based on the argument that an entity other than the one foreclosing holds the beneficial interest in the property. An admittedly defaulted borrower suffers no prejudice from being foreclosed on by the wrong party. Jenkins, 216 Cal.App.4th at 514-15. If some other entity has the beneficial interest in the property, that entity is the one with standing to challenge Defendants' authority to foreclosure. Doc. 22, p. 6:23-7:2.

Given the clear implication of the Court's prior order, it is surprising that Plaintiffs again plead the flawed securitization theory to support the fraud claim in the FAC. In fact, other than references to the "False Claims Act" and "Gov't Code section 27201" in paragraphs 61 and 62 of the FAC, it is hard to see how that claim was amended at all. The flaw with the amendments that were made, of course, is that they each rely on application of the *Glaski* line of reasoning, which

1 | this Court has previously and expressly rejected.

2 | As stated in the motion to dismiss the original complaint, which remains applicable here, the FAC erroneously argues that the Assignment to the US Bank, N.A., as Trustee was invalid based on the conclusory presumption, without foundation in either fact or law, that the "mortgage had been extinguished in 2007 when it, for value received, was transferred to the Banc of America Funding 2007-D Trust." FAC. ¶ 52. Thus, Plaintiffs allege, the statement contained in the Assignment was "knowingly" false. *Id.* However, this again is just another flawed interpretation of the oft rejected *Glaski* reasoning. Moving Defendants' position, as this Court knows well, is that this Court should adopt the *Jenkins* rationale and dismiss the entire Complaint. The Court previously did just that and may do so again based on the same rationale.

However, this claim may also be dismissed because it is wholly conclusory and fails to meet the particularity requirement of Rule 9b. The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). To state a claim for fraud, "every element of the cause of action must be alleged in full, factually and specifically...." *Wilhelm v. Pray, Price, Williams & Russell,* 186 Cal.App.3d 1324, 1331 (1986). Furthermore, where a plaintiff asserts fraud against a corporation, the plaintiff must also allege, "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991). The claim, in self-serving manner, concludes that none of the defendants are who they claim to be. For example, Plaintiffs contend that US Bank, as Trustee was not a "valid" beneficiary, Recontrust was not a "valid" trustee, and Bank of America has no authority to collect payments. FAC ¶¶ 58, 63, 65. This reasoning all flows from the misapplication of the *Glaski* case to the requirements of the comprehensive statutory scheme and is wholly conclusory in violation of Rule 9b.

California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which "provide a comprehensive framework for the regulation of a nonjudicial foreclosure

sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994). "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." *I.E. Associates v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285 (1985). In the recent *Gomes* decision, the Court affirmed that Section 2924, subdivision (a)(1) states that a "trustee, mortgagee, or **beneficiary, *or any of their authorized agents***" may initiate the foreclosure process. However, nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011).

As already recognized by numerous courts and discussed above, a defendant bank does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a trust pool or Real Estate Mortgage Investment Conduit ("REMIC"). See, e.g., *Wadhwa v. Aurora Loan Servs., LLC*, No. 11–1784, 2011 WL 2681483, at *4 (E.D.Cal. July 8, 2011) (rejecting argument that "assignment of the note to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid"); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal.2009) (argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" is "both unsupported and incorrect"); *Benham v. Aurora Loan Servs.*, No. 09–2059, 2009 WL 2880232, at *3 (N.D.Cal. Sept.1, 2009) ("Other courts in this district have summarily rejected the argument that [lenders] lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."). The alleged "securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Reyes v. GMAC Mortgage LLC*, No. 11–0100, 2011 WL 1322775, at *2 (D.Nev. Apr.5, 2011); see also *Nguyen v. Bank of Am. Nat'l Ass'n*, No. 11–3318, 2011 WL 5574917, at *9 (N.D.Cal. Nov.15, 2011) (securitization of mortgage loan does not provide mortgagor with cause of action). "[S]ecuritization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note, and does not change the relationship of the parties in any way." *Reyes*, 2011 WL 1322775, at *3.

Plaintiffs' fraud cause of action improperly challenges the authority of an authorized agent

to initiate the foreclosure process, erroneously states the effect of securitization and is therefore properly dismissed – and this time with prejudice.

E. **THE FOURTH CLAIM FOR CANCELLATION OF INSTRUMENTS MUST FAIL**

Plaintiffs fraud theory again invokes the *Glaski* rationale in support of the claim.

The Court may order cancellation of an invalid written instrument that is void or voidable. *Compass Bank v. Petersen,* 886 F.Supp.2d 1186, 1194 (C.D.Cal.2012) (citing Cal. Civ.Code § 3412 *et seq* ). Courts have applied the tender rule to causes of action for cancellation of instruments pertaining to the foreclosure process. *See Kimball v. Flagstar Bank F.S.B.,* 881 F.Supp.2d 1209, 1225–1226 (S.D.Cal.2012); *Adesokan v. U.S. Bank, N.A.,* 2012 WL 395969, at *4 (E.D.Cal. Feb.7, 2012). As discussed above, Plaintiffs have not pled facts to support their allegations that the Assignment and subsequently recorded foreclosure documents were invalid. Similarly, they failed to allege tender. Accordingly, the fourth claim is properly dismissed and this time with prejudice.

F. **PLAINTIFFS' FIFTH CLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET. SEQ.*, MUST FAIL**

The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A claim may be brought under the UCL "by a person who has suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. Therefore, to establish standing under the UCL a plaintiff must "(1) establish a loss or deprivation of money sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that the economic injury was the result of, i.e., *caused by,* the unfair business practice ... that is the gravamen of the claim." *Lawther v. OneWest Bank, FSB,* 2012 WL 298110, at *23 (N.D.Cal. Feb.1, 2012) (quoting *Kwikset Corp.,* 51 Cal.4th 310, 337, 120 Cal.Rptr. 741, 246 P.3d 877). The UCl claims are premised on the same arguments that Moving Defendants lack authority to foreclose. However, since "[t]here is no state law preemptive right of action to determine standing to foreclose," the UCL cannot be a vehicle for such an action. *Tamburri,* 2013 WL 4528447, at *5.

To establish a violation of Section 17200, a plaintiff may establish a violation under any

one of three prongs. To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *People v. McKale*, 25 Cal.3d 626, 635 (1979). A "fraudulent" business act or practice is one in which members of the public are likely to be deceived. *Weinstat v. Dentsply Intern. Inc.*, 180 Cal.App.4th 1213, 1223 n. 8 (2010) (citations omitted). " 'Fraudulent,' as used in the statute, does not refer to the common law tort of fraud but only requires a showing that members of the public 'are likely to be deceived.' " *Olsen v. Breeze*, 48 Cal.App.4th 608, 618 (1996). UCL claims premised on fraudulent conduct trigger the heightened pleading standard of Rule 9(b) of the *Federal Rules of Civil Procedure. Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009).

Historically, the UCL authorized any person acting for the interests of the general public to sue for relief notwithstanding any lack of injury or damages. (*Troyk v. Farmers Group, Inc.* (2010) 171 Cal.App.4th at p. 1335.) At the November 2, 2004, General Election, the voters approved Proposition 64, which amended the UCL to provide that a private person has standing to bring a UCL action only if he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition." (Bus. & Prof.Code, § 17204; *Troyk v. Farmers Group, Inc.*, supra, at p. 1335.) "A private plaintiff must make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." (*Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, 1590, 80 Cal.Rptr.3d 316.)

In the FAC, Plaintiffs allege that they have suffered injuries, including title to their home, severe emotional distress, damage to their creditworthiness and mortgage payments to BANA which had no right to collect mortgage payments from Plaintiffs. FAC ¶ 79. Here again, Plaintiffs allegation that Bank of America had no right to collect mortgage payments stems from the flawed securitization argument. Moreover, the judicially noticeable documents illustrate that though a nonjudicial foreclosure was initiated, Plaintiffs have not lost title to the property as the sale was not completed. Further, there are no facts pled to show that Bank of America had no right to collect mortgage payments from Plaintiffs and indeed the Deed of Trust evidences Plaintiffs contractual obligations to make payments on the loan. The securitization of the loan has no effect on this obligation in contrast with the allegations pled in the Complaint.

A complaint fails to state a viable claim under the UCL for an unlawful business practice unless it alleges facts sufficient to establish that the challenged business practice violated some law other than the UCL. (See *Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178 (the viability of a UCL claim stands or falls with the antecedent substantive causes of action); *Glenn K. Jackson Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192, 1203 (dismissing section 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law); see also *People v. Duz-Mor Diagnostic Lab., Inc.* (1998) 68 Cal.App.4th 654, 673 (a defense to the underlying offense is a defense to the UCL). As discussed herein and below, Plaintiffs have failed to state a claim against Moving Defendants for violation of Civil Code.

Plaintiffs cannot plead around their other defective claims just by repackaging them as violation of the UCL. Courts have made clear that Bus. & Prof. Code § 17200 *et seq.* cannot be used as an end-run around the requirements of other statutes. (*See Glenn K. Jackson Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192, 1203 [dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law]; see also *Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178 [the viability of a UCL claim stands or falls with the antecedent substantive causes of action].) "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." (*Chabner v. United of Omaha Life Ins. Co.* (9th Cir. 2000) 225 F.3d 1042, 1048; see also *Rubio v. Capital One Bank (USA)* (C.D. Cal. 2008) 572 F.Supp.2d 1157, 1168 [since plaintiff's TILA claim failed, plaintiff's UCL predicated on TILA likewise failed].) Because this claim is premised on the same faulty securitization theory as discussed and the purported "predicate statutes" asserted to establish a UCL claim are each premised and rely upon the flawed *Glaski* rationale. As this Court has already ruled against Plaintiffs on that issue, the majority view is in fact the law of the case and the Court may dismiss the UCL claim without leave to amend.

## IV. CONCLUSION

Plaintiffs' FAC again fails to state a claim upon which relief may be granted for the reasons set forth above. Accordingly, Moving Defendants request that the Motion to Dismiss Plaintiffs' Complaint be granted without leave to amend and judgment entered in favor of Moving

1 | Defendants.

3 | DATED: April 2, 2014

SEVERSON & WERSON
A Professional Corporation

By:     /s/ Brian S. Whittemore
              Brian S. Whittemore

Attorneys for Defendants
BANK OF AMERICA, N.A. and U.S. BANK, N.A., as Trustee for THE CERTIFICATEHOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-D

70000.1582/3172348.1

12

C13-04772-JST

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF