United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY C. GIESEKE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-04772-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO EXPUNGE LIS PENDENS**<br><br>ECF Nos. 27, 29 & 30. |

## I.　INTRODUCTION

In this action for quiet title and other claims related to Defendants' initiation of foreclosure proceedings, Defendants Bank of America, N.A. ("BANA") and U.S. Bank, N.A. as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-D ("US Bank") move to dismiss the First Amended Complaint ("FAC") and expunge a lis pendens recorded by Plaintiffs Dorothy C. and Donald Gieseke ("Plaintiffs"). Defendant Specialized Loan Servicing LLC ("SLS") moves separately to dismiss the complaint with respect to the only cause of action asserted against it. For the reasons set forth below, the motions are GRANTED.

## II.　BACKGROUND

The Court previously granted motions to dismiss by BANA, U.S. Bank, and SLS. Order Granting Motions to Dismiss; Denying Motion to Expunge Lis Pendens Without Prejudice ("Previous Order"), 2014 WL 718463 at *6, ECF No. 22 (April 22, 2014). The Court adopts by reference the factual and procedural history, legal standards, and statement of jurisdiction from the Previous Order, except where altered by this order.[1] Id., at *1-3.

---

[1] On a motion to dismiss, the Court assumes the truth of all well-plead factual allegations in the complaint, although it does not assume the truth of any legal assertions. Defendants BANA and US Bank have also requested judicial notice of various public records relevant to this case,

In the Previous Order, the Court joined the majority view of courts within this district that borrowers lack standing under California law to assert the claim that ineffective securitizations caused a defendant lender to lose its interest in the property. Id. at *4.  Of the nine causes of action dismissed in the Previous Order, four were dismissed with prejudice. Id. at *6.  The Court granted Plaintiffs leave to amend their complaint to re-assert the five remaining claims, but only if Plaintiffs could allege new facts unrelated to the allegedly ineffective securitization of the loan and Defendants' standing to foreclose. Id.

Plaintiffs have now filed a First Amended Complaint ("FAC"), ECF No. 25, re-alleging against BANA and US Bank the five causes of action that survived the Previous Order: (1) quiet title; (2) slander of title; (3) fraud; (4) cancellation of instruments; (5) violation of the Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200, *et seq*.  FAC ¶¶ 37-81.  Plaintiffs bring the fifth cause of action against SLS as well. Id. ¶ 74- 81.

### III. MOTIONS TO DISMISS

Defendants BANA and US Bank move to dismiss all five causes of action asserted in the FAC.  ECF No. 29.  Defendant SLS separately moves to dismiss the fifth cause of action.  ECF No. 27.

Plaintiffs claim to have amended their complaint to comply with the court's previous order to "allege specific new factual allegations not contained in the current complaint which demonstrate that Plaintiffs have viable causes of actions for reasons unrelated to the allegedly ineffective securitization and the challenge to Defendants' standing to foreclose."  Previous Order, 2014 WL 718463, at *6.  Plaintiffs cite to a set of new "general allegations" that have been added to the FAC, and a set of new allegations specific to each asserted cause of action.  Separate

---

including the DOT and the Assignment. Exhibits A, C, D, E, F, G, I, J, and K to Request for Judicial Notice, ECF No. 29-1.  The Court takes notice of these documents for the purpose of noting the contents of the true and correct copies of the records on file in the Official Records of Contra Costa County.  Exhibit B does not appear to relate to the issues in the case, and so the request is denied as to that document.  Defendants also request judicial notice of a docket and an order in another court proceeding.  Exhibits H & L.  While a Court may take judicial notice of court records, Defendants have not established the relevance of the docket in Exhibit H, and therefore the request is denied as to that document.  Defendant SLS has separately requested the Court take notice of five of the documents just granted judicial notice above.  ECF No. 28.

Statement of New Factual Allegations in Support of First Amended Complaint ("Separate Statement"), ECF No. 26. The court addresses category in turn.

### A. New General Allegations

#### 1. Securitization

Plaintiffs amended the complaint to add a new "background section" concerned solely with whether or not Defendants actually have an interest in the subject property. FAC at pp. 2-3. The background section alleges that "U.S. Bank was never a valid beneficiary," "the assignment purporting to give it [U.S. Bank] foreclosing power is invalid," and "securitization of Plaintiffs' loan failed." Id. Plaintiffs' Separate Statement then lists nine paragraphs in the facts section of the FAC that differ from the initial complaint. Separate Statement ¶¶ 2-6. All nine paragraphs only address the issue of whether or not the securitization process deprived Defendants of their interest in the subject property.

The Court gave Plaintiffs leave to amend the complaint with the explicit instruction that any amended complaint not be founded upon this theory. Previous Order, 2014 WL 718463, at *6. Since the Court's Previous Order, the California Court of Appeal has again re-affirmed that a borrower plaintiff "has no standing" to argue "that an allegedly deficient assignment and securitization deprived . . . [the defendant lender] of an interest in the property," and has diminished the authority of the sole case on which Plaintiffs previously relied. Yvanova v. New Century Mortgage Corp., 226 Cal. App. 4th 495, 502 (2014). These amendments pertain to a theory that the Court already found to fail as a matter of law, and Plaintiffs re-asserted them in violation of the Court's previous order.

#### 2. The Universal Commercial Code ("UCC")

The FAC differs from the initial complaint by relying on the UCC for the proposition that BANA and US Bank may not enforce their mortgage interest in the subject property. See Plaintiffs' Opposition to Notice of Motion and Motion to Dismiss First Amended Complaint; Memorandum of Points and Authorities ("Opp."), at 7-9, ECF No. 33. The court granted Plaintiffs leave to allege new facts, not to make new legal arguments.

But in any case, as Defendants correctly point out, California's comprehensive statutory

3

regulation of nonjudicial foreclosure is meant to be exhaustive. As a consequence, Articles 3 and 9 of the UCC do not apply in the context of nonjudicial foreclosure. See Padayachi v. IndyMac Bank, Case No. 09-cv-5545 JF (PVT), 2010 WL 4367221 at *3 (N.D. Cal. Oct. 28, 2010); Bulaoro v. Oro Real, Inc., Case No. 11-cv-03059 WHA, 2011 WL 6372458 at *4 (N.D. Cal. Dec. 20, 2011).

### B. Claim-Specific New Allegations

#### 1. Quiet Title (Against BANA and US Bank)

The Court previously dismissed this claim for two reasons. First, the claim was premised upon a theory of ineffective securitization that the Court found to be invalid as a matter of law. Previous Order, 2014 WL 718463 at *4. Second, even if the Court were to recognize the Plaintiffs' securitization theory, the complaint still contained no facts suggesting that the Giesekes were the proper owners of disputed property. Id. Because the Giesekes do not dispute the existence of the loan, or their default, regardless of which entity actually holds the valid interest in the property, it is not plausible to infer that it is the Giesekes. The FAC contains the exact same language as the dismissed complaint, along with a single new paragraph which alleges, that no entities other than Defendants have made any adverse claims on the Giesekes' property. FAC ¶ 41; Separate Statement ¶ 7. This new factual allegation does not render Plaintiffs' claim of ownership to the property plausible.

The Giesekes have thus pled the exact same theory previously dismissed by the Court, without addressing their original failure to give the Court any plausible reason to infer they are the rightful owners of the subject property.

#### 2. Slander of Title (Against BANA and US Bank)

Slander of title is rooted in the idea that the *owner* of a slandered title has the right to protect the maligned property. The Court previously dismissed this claim since, for the same reason discussed *supra*, even if Plaintiffs' allegations were true, it would not establish that their title is the one Defendants have slandered. Plaintiffs have no standing to bring the claim, and have added no facts to the FAC indicating that they do.

As a secondary matter, the Court also dismissed this claim because Plaintiffs did not cite

4

any authority for the proposition that false statements published with malicious intent are exempt from the normal presumption that foreclosure notices are privileged communications. Previous Order, 2014 WL 718463 at *4-5. The Giesekes only attempt to remedy that deficiency was to reproduce their original cause of action and then add "*See* CCP 47" to the end of it. FAC ¶ 46.

Under Section 47(c)(1) of the California Code of Civil Procedure, disseminating notices pursuant to a nonjudicial foreclosure proceeding is privileged communication. Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (Cal. Ct. App. 2008). The privilege only extends to communications made without malice. Id. at 336. Malice is defined as ". . . motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." Id.

Plaintiffs have not, however, alleged facts from which malice can be plausibly inferred. They have had two chances, in the initial Complaint and the FAC, to plead facts from which the Court could infer that Defendants acted with malice. In both the initial complaint and the FAC, the pleadings include the exact same conclusory assertions in the exact same paragraphs. The phrase ". . . made with malicious intent . . ." occurs in Paragraph 45 of both the initial complaint and the FAC. The phrase ". . . published with malicious intent . . ." occurs in Paragraph 46 of both the initial complaint and the FAC. The mere assertion that Defendants acted with malice, without any facts alleged that plausibly suggest as much, cannot survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### 3. Fraud (Against BANA and US Bank)

The court previously dismissed this claim because it, too, was grounded in Plaintiffs' "faulty securitization" theory. Previous Order, 2014 WL 718463 at *5. In opposing the dismissal of their amended fraud claim, Plaintiffs argue that they "are not challenging the securitization of their loan," *one sentence* before they argue that "the securitization documents . . . show . . . none of the Defendants . . . has standing to enforce their mortgage loan." Opp. at 14. The new material in the FAC then proceeds to allege a violation of the California False Claims Act, Cal. Gov't Code § 12650, which Plaintiffs argue creates a cause of action against a defendant who files false

recordable documents that "carry no validity due to parties *lack of standing*." (emphasis added). FAC ¶ 61. The Court was unable to find any section of the False Claims act that matches the language quoted by Plaintiffs. Even if such language existed, it would only support the securitization and standing theory barred by the Court in its Previous Order.

### 4. Cancellation of Instruments (Against BANA and US Bank)

The Court dismissed this claim for also relying upon the faulty securitization theory previously discussed. Previous Order, 2014 WL 718463 at *5. In re-asserting this cause of action, the FAC wholly reproduces the claim as pled in the original complaint, with some added language emphasizing the importance of maintaining accurate public records. FAC ¶72. The FAC fails to state a claim for cancellation of instruments for the same reason the initial complaint did.

### 5. UCL (Against all Defendants)

The Court originally dismissed this claim for relying upon the faulty securitization theory previously discussed. Previous Order, 2014 WL 718463 at *6. Plaintiffs also failed to demonstrate an economic injury and or plead the Defendants' participation in a predicate unlawful activity. Id. The FAC is an exact reproduction of the initial complaint with respect to this cause of action. Accordingly, the claim is once again dismissed on the same grounds as in the Previous Order.

### C. Dismissal with Prejudice

Defendants seek dismissal with prejudice.

"A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013), (quoting Sisseton–Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996)). "A district court does not 'abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.' " Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990) (quoting Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570–71 (9th Cir. 1987)).

1     The Giesekes took their leave to amend as an opportunity to reproduce *exactly* the
2  arguments the court previously found failed as a matter of law to state a claim.  Only in re-alleging
3  the slander of title claim did the Plaintiffs allege new facts and cite new authority, and these
4  additions still failed to state a claim.

5     Plaintiffs have given the Court no reason to believe additional facts not yet alleged might
6  be forthcoming if further leave to amend is granted.  The fact that the Giesekes did not correct the
7  deficiencies contained in their original complaint is "'a strong indication that the plaintiffs have no
8  additional facts to plead.'"  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir.
9  2009) (quoting In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1098 (9th Cir. 2002)).

10    Dismissal of all claims is with prejudice.

## II.  MOTION TO EXPUNGE LIS PENDENS AND RECOVER ATTORNEY'S FEES

12    BANA and US Bank move to expunge the lis pendens filed by the Giesekes against the
13 subject property.  Notice of Motion and Motion to Expunge Lis Pendens, at 2, ECF No. 30.  They
14 also move for an award of attorney's fees pursuant to Cal. Code Civ. Proc. § 405.38.  Id.  The
15 court addresses each request in turn.

### A.  Motion to Expunge Lis Pendens

17    "The California lis pendens statute requires the trial court to expunge the lis pendens if the
18 'claimant has not established by a preponderance of the evidence the probable validity of the real
19 property claim.'"  Orange Cnty. v. Hongkong & Shanghai Banking Corp. Ltd., 52 F.3d 821, 823–
20 24 (9th Cir. 1995) (citing Cal. Code Civ. Proc. § 405.32).  "[T]he court shall order the notice
21 expunged if the court finds that the pleading on which the notice is based does not contain a real
22 property claim."  Cal. Code Civ. Proc. § 405.31.

23    As discussed in the Previous Order, a lis pendens is usually expunged in tandem with
24 dismissing a claim without leave to amend.  Previous Order, 2014 WL 718463 at *6.  For the
25 foregoing reasons, since the court will now dismiss all of Plaintiffs' claims with prejudice, the
26 court concludes that Plaintiffs have "not established by a preponderance of the evidence the
27 probable validity of the real property claim," and therefore orders the lis pendens EXPUNGED.

### B. Attorney's Fees

If a party prevails on a motion to expunge a lis pendens, they are to be awarded reasonable attorney's fees and costs unless the Court finds that either the other party acted with substantial justification or other circumstances would make imposing attorney's fees and costs unjust. Menjivar v. Trophy Props. IV DE, LLC, Case No. 06-cv-03086 SI, 2006 WL 2884396, at *24 (N.D. Cal. Oct. 10, 2006).

In light of the Giesekes' apparent inability to pay their mortgage, it would be unjust to assess them attorney's fees under Section 405.38. See Murillo v. Aurora Loan Services, LLC, Case No. 09-cv-00504 JW, 2009 WL 2160580 at *5 (N.D. Cal July 17, 2009) ("where Plaintiffs . . . are unable to pay their mortgage, an award of fees and costs would be unjust."); Farahani v. Cal-Western Reconveyance Corp., Case No. C 09-cv-194 JF (RS), 2009 WL 1309732 at *3 (N.D. Cal. May 8, 2009) ("in light of . . . Plaintiff's apparent financial hardship, the Court declines to award attorney's fees").

BANA and US Bank's motion for attorney's fees is therefore DENIED.

### III. CONCLUSION

Defendants' motions for dismissal of all claims are GRANTED without leave to amend. Defendants' motion to expunge the lis pendens is GRANTED. Defendants' motion for attorney's fees regarding the lis pendens is DENIED.

Defendants shall submit a proposed form of judgment consistent with this order within fourteen days. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 27, 2014

_____
JON S. TIGAR
United States District Judge